UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALISSA COOLEY on behalf of herself and all similarly situated persons,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 2:11-cv-00625-GMN-CWH<br><br>**ORDER** |

Pending before the Court is Plaintiff Alissa Cooley's Motion for Class Certification (ECF No. 8). Defendants Alessi & Koenig, LLC filed no opposition to the motion.

## I.　**BACKGROUND**

Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and of Nevada Revised Statutes 41.600 *et seq*. by Defendants Alessi & Koenig, LLC. (Complaint, ECF No. 1.) Plaintiff alleges that Defendants engaged in unfair or deceptive collection practices in violation of the FDCPA by mailing out collection letters that (a) used false, deceptive, and/or misleading representations or means in connection with the collection of a debt; (b) failed to disclose that the communication was from a debt collector; and (c) failed to disclose that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose. (*See* Mot. Class Cert., ECF No. 8.)

Plaintiff seeks certification of a class pursuant to Federal Rule of Civil Procedure 23, which governs class actions. Plaintiff describes the proposed class as "comprised of consumers

with Nevada addresses who a) within one year prior to the filing of this action; b) were sent a collection letter by Defendants; c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, attached as Exhibit '1' to Plaintiff's Complaint, and d) the letter was not returned by the postal service as undelivered." (*Id.*)

## II.   LEGAL STANDARD

Class action remedies are expressly authorized under the FDCPA. *See* 15 U.S.C. § 1692k(a)-(b).  A party seeking class certification bears the burden of demonstrating that all four prerequisites of Rule 23(a) and at least one criterion of Rule 23(b) are met. *Conn. Ret. Plans & Trust Funds v. Amgen, Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011).  The four prerequisites to class certification are that:

> (1)   the class is so numerous that joinder of all members is impracticable;
>
> (2)   there are questions of law or fact common to the class;
>
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "[Rule 23(a)]'s four requirements – numerosity, commonality, typicality, and adequate representation – 'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (quoting *Gen. Tel. Co. Sw. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).  If Rule 23(a) is satisfied a class action may be maintained if the party seeking class certification can also show that one of the criteria in Rule 23(b) is met. Fed. R. Civ. P. 23(b).

A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. Sw. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).  "[A]ctual, not presumed, conformance with

Rule 23(a) remains . . . indispensable." *Id*. at 160.  "Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. at 2551.  Therefore, notwithstanding Defendant's failure to file an opposition, the Court will not presume conformance with the Rule 23 requirements and will conduct an independently rigorous analysis of Plaintiff's request for class certification.

### III.   DISCUSSION

Here, although Plaintiff's Motion to Certify Class refers to only one letter ("Exhibit '1'") sent by Defendants on which the Complaint is based, Plaintiff's Complaint actually describes and attaches four letters. (Exs. 1-4 to Complaint.)  Plaintiff's Motion to Certify Class also appears to be a verbatim copy of the motions to certify class in *Calvert v. Alessi & Koenig, LLC*, No. 2:11-cv-00333-LRH-PAL, 2012 U.S. Dist. LEXIS 5310 (D. Nev. 2011), and in *Calvert v. Alessi & Koenig, LLC*, No. 2:11-cv-00442-LRH-PAL, 2012 U.S. Dist. LEXIS 5312 (D. Nev. 2011), which were both denied without prejudice for failure to meet the numerosity and adequate representation requirements of Rule 23(a).[1]

In support of the motion's numerosity argument, Plaintiff alleges that Defendants "sent form collection letters to collect debts and the form letter, represented by Exhibit '1' to the Complaint, provides an appropriate basis for certification of an FDCPA class." (Mot. Class Cert., 7:8-10.)  Plaintiff cites to *Santoro v. Aargon Agency, Inc*., 252 F.R.D. 675, 682 (D. Nev. 2008) and quotes from the portion of the *Santoro* court's order addressing the typicality requirement, not the numerosity requirement. (*Id*. at 7:11-14.)  In fact, the *Santoro* court did find that the

---

[1] The Court notes that in addition to the two lawsuits named above, the plaintiff in the *Calvert* actions has also filed suit against Defendants in a third action, represented by the same law firm. *See Calvert v. Alessi & Koenig, LLC*, No. 2:11-cv-01004-PMP-GWF (D. Nev. 2011).  None of these cases has yet been decided on the merits.  The Court also notes that in addition to the three *Calvert* cases and the instant case, Plaintiff's counsel represent another plaintiff in a lawsuit currently pending against Defendants that also has yet to be decided on the merits. *See Carpenter v. Alessi & Koenig, LLC*, No. 2:11-cv-01495-PMP-GWF (D. Nev. 2011).

numerosity requirement was met. *Id*. at 680.  However, in *Santoro*, this finding was supported by the defendant's affidavit confirming that 10,016 letters were sent. *Id*. at 680.

      Here, because no party alleges or submits evidence as to the number of similar letters that were sent by Defendants, and no discovery has been produced to the Court, the Court has no evidence on which to base a finding that Plaintiff's claim is correct that "the collection letter at the heart of this litigation is a mass mailed form letter."  Lacking any showing that "the class is so numerous that joinder of all members is impracticable," the Court cannot find that Plaintiff has met its burden under Rule 23(a)(1).

      Because the Court finds that Plaintiff has not met her burden to show that Rule 23(a)(1) is satisfied, Plaintiff's motion must be denied. *See* Fed. R. Civ. P. 23(a).  Therefore, the Court need not address and makes no findings as to whether the remaining requirements have been satisfied.

## IV.  CONCLUSION

      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Certification (ECF No. 8) is **DENIED without prejudice**.

      **DATED** this 29th day of February, 2012.

_____
Gloria M. Navarro
United States District Judge