1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

ALISSA COOLEY, *et al*.,                          )
                                                 )
8                          Plaintiffs,           )          2:11-cv-00625-GMN-CWH
                                                 )
9    vs.                                         )          **ORDER**
                                                 )
10   ALESSI & KOENIG, LLC, *et al.*,             )
                                                 )
11                         Defendants.           )
                                                 )
     _____        )

12

       This matter is before the Court on Defendant Alessi & Koenig, LLC's Motion to

13

Withdraw or Amend Admissions (#18), filed June 12, 2012, and Plaintiff Alissa Cooley's

14

Response (#22), filed June 29, 2012.

15

**BACKGROUND**

16

       Plaintiff filed a complaint on April 21, 2011 alleging that Defendant engaged in a series

17

of practices that violate the Fair Debt Collection Practices Act (FDCPA).  On November 21,

18

2011, Plaintiff served the requests for admissions at issue in this motion.  On January 24, 2012,

19

Defendant served responses, thirty days after they were due.  On June 12, 2012, Defendant filed

20

this motion seeking to withdraw or amend the admissions.  In doing so, Defendant argues that no

21

prejudice will result to Plaintiff because full and accurate responses were provided in January

22

2012 and relief from the admissions will promote presentation of this action on its merits.  In

23

contrast, Plaintiff contends it prejudicially relied on the admissions because Defendant filed this

24

motion one month before trial and nearly six months after the responses were served.

25

Additionally, Plaintiff alleges that Defendant has a pattern of submitting untimely responses and

26

has largely refused to participate in the discovery process by failing to serve initial disclosures or

27

28

1 conducting discovery.[1] As a result, Plaintiff contends that its trial preparation and strategy are

2 largely dependent on the admissions.

3 **DISCUSSION**

4 Federal Rule of Civil Procedure 36(a) provides that "a matter is deemed admitted unless,

5 within 30 days after being served, the party to whom the request is directed serves on the

6 requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Rule 36(a) clearly

7 provides for the automatic admission of the requests for admission upon the expiration of the 30

8 day period. Consequently, Plaintiff's requests for admission filed on November 21, 2011 were

9 automatically admitted in light of Defendant's failure to respond by December 24, 2011. *See*

10 *Employer Painters Welfare Trust v. Atlas Drywall & Painting, LLC*, 2011 WL 5041215 (D. Nev.

11 Oct. 24, 2011).

12 Rule 36 also provides a potential safe harbor for parties in allowing deemed admissions to

13 be withdrawn or amended by motion. Fed. R. Civ. P. 36(b). Relief from a deemed admission is

14 appropriate only when (1) presentation of the merits of the action would be subserved and (2) the

15 party who obtained the admission would not be prejudiced by the withdrawal. *See Conlon v.*

16 *United States*, 474 F.3d 616, 624 (9th Cir. 2007) (citation omitted). "The party who obtained the

17 admission has the burden of proving that allowing withdrawal of the admission would prejudice

18 its case." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001) (citing *Hadley v. United*

19 *States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

20 The court must consider the two factors set forth in Rule 36(b) when determining whether

21 to grant withdrawal. *Conlon*, 474 F.3d at 625. However, the text of Rule 36(b) is "permissive,"

22 not mandatory. *Id.* at 624. "In deciding whether to exercise its discretion when the moving party

23 has met the two-pronged test of Rule 36(b), the district court may consider other factors,

24 including whether the moving party can show good cause for the delay and whether the moving

25 party appears to have a strong case on the merits." *Id*. The court's discretion is exercised "in

26

27 [1] On February 3, 2012, Plaintiff submitted a letter to Defendant regarding other similiar cases and notified Defendant that it deemed the requests for admission to be admitted pursuant to Fed. R.
28 Civ. P. 36(a)(3) as a result of Defendant's failure to timely respond in those cases.

1   terms of the effect upon the litigation and prejudice to the resisting party." *Mid Valley Bank v.*

2   *North Valley Bank*, 764 F.Supp. 1377, 1391 (E.D. Cal. 1991).

3          Defendant argues that relief from the admissions would promote the presentation of the

4   merits of this action because the admissions contain multiple misstatements of the facts and law.

5   For example, Defendant references Request No. 10, which requests that Defendant admit it was

6   not authorized to collect the "additional charges" described in the Collection Letters.  Defendant

7   contends that the additional charges are Defendant's reasonable fees and costs that become part

8   of Plaintiff's home owners association's lien against the property.  Additionally, Defendant

9   contends that Request No. 2, which requests that Defendant admit is a "debt collector" pursuant

10  to the FDCPA, is only partially correct because that term has two meanings and it only qualifies

11  under one.  In contrast, Plaintiff alleges that the admissions obviate the need for a presentation on

12  the merits of numerous issues.  In doing so, Plaintiff does not rebut Defendant's argument that

13  the presentation on the merits of several issues will be subserved if the admissions are not

14  withdrawn.  Although Plaintiff served fifteen requests for admissions, Defendant only referenced

15  two requests as being mistaken as to the facts and law.  As a result, the Court is not convinced

16  that permitting withdrawal or amendment of all of the admissions would subserve the

17  presentation of the merits of this action.

18         As to the second prong of Rule 36(b), Plaintiff contends that significant prejudice would

19  result from granting Defendant's motion.  Defendant argues that no prejudice would result

20  because Plaintiff was served with accurate responses in January 2012.  The Court rejects this

21  argument for a couple of reasons.  First, this motion was filed nearly six months after the requests

22  for admission were deemed admitted pursuant to Rule 36(a).  The Court finds that, in preparing

23  its case for trial,  it was reasonable for Plaintiff to rely on the admissions given the lengthy delay

24  of almost six months.  Second, although trial has since been rescheduled, Defendant filed this

25  motion one month before trial was scheduled.  Additionally, discovery was closed on November

26  21, 2011.  Plaintiff alleges that Defendant has never served initial disclosures so it has no

27

28

1    knowledge of Defendant's witnesses or documents.[2]  Permitting withdrawal of the admissions

2    would likely delay the resolution of this action, especially if either party were to request

3    discovery be reopened.  Therefore, the Court finds that Plaintiff has met its burden of

4    demonstrating that prejudice would result from permitting the withdrawal or amendment of the

5    admissions due its reliance on the admissions and timing of the motion.

6         Finally, even when both prongs of Rule 36(b) are satisfied, withdrawal remains

7    permissive. *Conlon*, 474 F.3d at 625.  While relief from the admissions may promote the

8    presentation of this action on the merits, substantial prejudice would result to Plaintiff.

9    Additionally, Defendant did not articulate a good cause explanation for the delay.  The absence

10   of a rationale for the six month delay between when the Defendant served its untimely responses

11   and when it filed this motion is conspicuous.  Ultimately, the Court finds that the effect on the

12   litigation and prejudice to Plaintiff is too significant to permit the withdrawal or amendment of

13   the admissions in this action.

14        Based on the foregoing and good cause appearing therefore,

15        **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw or Amend

16   Admissions (#18) is **denied**.

17        Dated this 24th day of August, 2012.

18

19

20   _____
     C.W. Hoffman, Jr.

21   United States Magistrate Judge

22

23

24

25

26   [2] Defendant alleged that Plaintiff failed to provide initial disclosures.  In response, Plaintiff attached a copy of the disclosures served to Defendant on March 16, 2012.  (#22: Exh. 1).  Also, Plaintiff highlights the fact that Defendant has filed motions to withdraw admissions in other

27   FDCPA cases currently being litigated in this court. *See Calvert v. Alessi & Koenig*, No. 2:11-cv-00333-LRH-PAL.  The Court notes that discovery has not closed nor has a trial date been set in those

28   cases.